**PACIFIC TRIAL ATTORNEYS**
A Professional Corporation
Scott J. Ferrell, Bar No. 202091
4100 Newport Place Drive, Suite 800
Newport Beach, CA 92660
Telephone: (949)706-6464
sferrell@pacifictrialattorneys.com

Attorney for Plaintiffs

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

ABELARDO MARTINEZ, JR., an individual, and ROY RIOS, an individual,

Plaintiffs,

v.

ADIDAS AMERICA, INC., an Oregon corporation; and DOES 1-10, inclusive,

Defendants.

Case No. 5:19-cv-00841-JGB-KK

**NOTICE OF MOTION AND MOTION TO REMAND ACTION TO THE SUPERIOR COURT OF CALIFORNIA FOR THE COUNTY OF RIVERSIDE; MEMORANDUM OF POINTS AND AUTHORITIES; REQUEST FOR ATTORNEYS' FEES**

[Concurrently filed with the supporting Declaration of Scott J. Ferrell; Request for Judicial Notice; and [Proposed] Order]

Date: June 24, 2019
Time: 9:00 a.m.__
Ctrm: 1

Complaint filed: April 19, 2019
Removal Filed: May 6, 2019

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD:** PLEASE TAKE NOTICE that on June 24, 2019, at 9:00 a.m., or as soon thereafter as counsel may be heard in Courtroom 1 of the United States District Court for the Central District of California located at 3470 Twelfth Street Riverside, CA 92501-3801, before the Honorable Jesus G. Bernal, Plaintiffs Abelardo Martinez, Jr. and Roy Rios ("Plaintiffs") will and hereby do move to remand this action to the Superior Court of California for the County of Riverside.

Plaintiffs move to remand on the grounds that the action does not arise under the laws of the United States, there is no diversity jurisdiction, and the action is not otherwise within the removal jurisdiction of this Court. 28 U.S.C. §§ 1331, 1338, 1441(a) and 1446(b). Plaintiffs also seek payment of their attorney fees in the amount of $6,125, incurred as a result of the improper removal pursuant to 28 U.S.C. § 1447(c).

This motion is made pursuant to 28 U.S.C. §§ 1446(b) and 1447(c). This motion is based upon this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities, the concurrently filed supporting declaration of Scott J. Ferrell, the Request for Judicial Notice, the pleadings and papers on file in this action, and upon such further evidence and argument as may be presented before or at the time of hearing.

This motion is made following the conference of counsel pursuant to Local Rule 7-3 which took place on May 8 - 9, 2019 by and between Scott J. Ferrell of Pacific Trial Attorneys, counsel for Plaintiffs, and Gregory F. Hurley of Sheppard, Mullin, Richter & Hampton, LLP, counsel for Defendant Adidas America, Inc.

Dated: May 22, 2019

PACIFIC TRIAL ATTORNEYS
A Professional Corporation

By: */s/ Scott J. Ferrell*
Scott J. Ferrell
Attorney for Plaintiffs

## TABLE OF CONTENTS

I. INTRODUCTION .......... 1

II. FACTUAL BACKGROUND .......... 2

III. ARGUMENT .......... 2

A. APPLICABLE LAW .......... 2

*B. This Action Is Not Properly Removable Under 28 U.S.C. § 1331.* .......... *3*

*1. Removal Is Not Proper Where A Federal Issue Is Merely Collateral To A State Law Claim.* .......... *3*

*2. In Addition to Ignoring Binding Ninth Circuit Precedent, Defendant Ignores Numerous Comparable District Court Cases Ordering Remand.* .......... *5*

IV. ATTORNEYS' FEES SHOULD BE AWARDED TO PLAINTIFFS .......... 8

VI. CONCLUSION .......... 9

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Carpenter v. Raintree Realty, LLC*,
No. CV 11–06798–RGK, 2012 WL 2579179 (C.D. Cal. July 2, 2012) ...................... 6

*Cohen v. Ralphs Grocery Co.*,
No. CV 13-01728 GAF, 2013 WL 1303825 (C.D. Cal. Mar. 26, 2013) ..................... 6

*Duncan v. Stuetzle*,
76 F.3d 1480 (9th Cir. 1996) ..................... 3

*Franchise Tax Board v. Construction Laborers Vacation Trust*,
463 U.S. 1 (1983) ..................... 3, 4

*Gunn v. Minton*,
568 U.S. 251 (2013) ..................... 2

*Hunter v. Philip Morris USA*,
582 F.3d 1039 (9th Cir. 2009) ..................... 3, 8

*Jairath v. Dyer*,
154 F.3d 1280 (11th Cir.1998) ..................... 4

*Kokkonen v. Guardian Life Ins. Co. of America*,
511 U.S. 375 (1994) ..................... 2, 7

*Licea v. J&P Park Acquisitions, Inc*.,
CV 19-68-R, 2019 WL 1296876 (C.D. Cal. Mar. 20, 2019) ..................... 7

*Lussier v. Dollar Tree Stores, Inc.*,
518 F.3d 1062 (9th Cir. 2008) ..................... 8

*Martin v. Franklin Capital Corp.*,
546 U.S. 132 (2005) ..................... 8

*Mason v. El Torito*,
No. CV 12-07934 GAF, slip op. (C.D. Cal. Oct. 15, 2012) ..................... 6

*Merrell Dow Pharmaceuticals Inc. v. Thompson*,
478 U.S. 804 (1986) ..................... 3, 4

*Moore v. Permanente Med. Group, Inc.*,
981 F.2d 443 (9th Cir. 1992) .......... 9

*Pickern v. Best Western Tiber Cove Lodge Marina Resort*,
194 F.Supp.2d 1128 (E.D. Cal. 2002) .......... 4, 5, 7

*Pickern v. Stanton's Restaurant & Woodsman*,
No. C 01–2112 SI, 2002 WL 143817 (N.D. Cal. Jan. 29, 2002) .......... 5

*Rains v. Criterion Systems, Inc.*,
80 F.3d 339 (9th Cir.1996) .......... 3, 8

*Rios v. CWGS Enterprises, LLC*,
No. CV 17-03614 .......... 6

*Rios v. Friendly Hills Bank*,
No. CV 17-04582 BRO (JPR), 2017 WL 3530348 (C.D. Cal. Aug. 16, 2017) .......... 5

*Sullivan v. First Affiliated Sec., Inc.*,
813 F.2d 1368 (9th Cir. 1987) .......... 3

*Thurston v. Chino Commercial Bank*,
No. CV 17-01078 BRO, 2017 WL 3224681 (C.D. Cal. July 27, 2017) .......... 6

*Thurston v. Clearpath Lending, Inc.*,
No. SACV 18-2094 .......... 6, 7

*Thurston v. Container Store, Inc.*,
2017 WL 658806 (C.D. Cal., Feb. 16, 2017) .......... 6

*Wander v. Kaus*,
304 F.3d 856 (9th Cir. 2002) .......... *passim*

**Federal Statutes**

28 U.S.C.
§ 1331 .......... 3
§ 1447(c) .......... 2, 8, 9

42 U.S.C.
§ 12101 *et seq.* .......... 2
ADA .......... *passim*
Title III of the ADA .......... 1, 4, 8

**California Statutes**

Civil Code

§ 51 *et seq.* .......... 1

§ 51(b) .......... 7

§ 51(f) .......... 1, 2, 4, 7

§ 54 .......... 5

§ 54.1 .......... 5

Unruh Civil Rights Act .......... *passim*

**Other Authorities**

4A Charles A. Wright, Arthur R. Miller et al., Federal Practice and Procedure, § 3722 (4th ed. 2012) .......... 3, 4

## MEMORANDUM OF POINTS & AUTHORITIES

## I. INTRODUCTION

Plaintiffs Abelardo Martinez, Jr. and Roy Rios ("Plaintiffs") filed this action in the Superior Court of California for the County of Riverside alleging one cause of action against Defendant Adidas America, Inc. ("Defendant") arising under California's Unruh Civil Rights Act ("Unruh Act"), California Civil Code § 51 *et seq*. (Dkt. No. 1-1, Exhibit A.) Therein Plaintiffs sought statutory damages and injunctive relief exclusively pursuant to the Unruh Act, while simultaneously acknowledging that Defendant's offending conduct likewise constitutes a violation of the Americans with Disabilities Act of 1990 ("ADA"). Cal. Civ. Code § 51(f) ("A violation of the right of any individual under the federal Americans with Disabilities Act of 1990 (P.L. 101-336) shall also constitute a violation of this section"). (Dkt. 1-1, Exhibit A, Complaint at ¶¶ 3, 16.) However, Plaintiffs did not allege a cause of action pursuant to the ADA, nor did they seek any relief pursuant thereto.

Despite Plaintiffs' cause of action and prayer for relief sounding solely in California law, the Unruh Act, Defendant still removed this action contending that, because Plaintiffs acknowledge that a violation of the ADA is likewise a violation of the Unruh Act, this Court maintains original jurisdiction. However, in doing so Defendant wholly and erroneously ignores binding case law from the Ninth Circuit making clear that Defendant's removal is improper. *Wander v. Kaus*, 304 F.3d 856, 857 (9th Cir. 2002) (holding **"there is no federal-question jurisdiction over a lawsuit for damages brought under [a California statute], even though the California statute makes a violation of the federal Americans with Disabilities Act a violation of state law. Congress intended that there be no federal cause of action for damages for a violation of Title III of the ADA."**) (emphasis added).

As such, and for the reasons further discussed herein, Defendant improperly removed this action. This matter should be properly remanded to the Superior Court of

California and attorney's fees in the amount of $6,125 awarded against Defendant and to Plaintiffs because removal was not objectively reasonable. 28 U.S.C. § 1447(c).

## II. FACTUAL BACKGROUND

Plaintiffs filed their complaint in this action on April 19, 2019 in the Superior Court of California for the County of Riverside alleging only one cause of action against Defendant for its violation of the Unruh Act based on Defendant's failure to maintain its website, *www.adidas.com*, in a fully and equally accessible manner for visually impaired individuals like Plaintiffs. Specifically, Plaintiffs alleged that because of the numerous accessibility barriers on Defendant's website, including but not limited to empty and redundant links, and empty or missing form labels, Plaintiffs have been and continue to be prevented from fully and equally accessing and using Defendant's website. (Dkt. 1-1, Exhibit A, Complaint at ¶¶ 4, 22-25.)

Plaintiffs did not include any federal causes of action; specifically, Plaintiffs did not allege a cause of action based on Defendant's violations of the ADA, 42 U.S.C. § 12101 *et seq*. Instead, Plaintiffs alleged that Defendant violated section 51 of California's Civil Code based on its failure to provide equal access for people with disabilities to the accommodations, advantages, privileges, and services of its business establishment, *www.adidas.com*. Plaintiffs likewise acknowledged that "Section 51(f) of the California Civil Code provides that a violation of the right of any individual under the ADA shall also constitute a violation of the Unruh Civil Rights Act," and that Defendant's conduct likewise violated the ADA. (Complaint at ¶¶ 28-31.) Though Plaintiffs acknowledged a violation of the ADA likewise constitutes a violation of the Unruh Act, Plaintiffs did <u>not</u> allege a cause of action under the ADA, nor seek *any* relief pursuant to the ADA.

## III. ARGUMENT

### A. <u>Applicable Law</u>

"'Federal courts are courts of limited jurisdiction,' possessing 'only that power authorized by Constitution and statute.'" *Gunn v. Minton*, 568 U.S. 251, 256 (2013) (quoting *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994)).

"The burden of establishing jurisdiction falls on the party invoking the removal statute, . . . **which is strictly construed *against* removal**." *Sullivan v. First Affiliated Sec., Inc.*, 813 F.2d 1368, 1371 (9th Cir. 1987) (emphasis added). "The strong presumption against removal jurisdiction means that . . . the court resolves *all* ambiguity in favor of remand to state court." *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009) (internal quotation marks removed) (emphasis added). The removal statute "is strictly construed and federal jurisdiction must be rejected if there is *any doubt* as to the right of removal in the first instance." *Duncan v. Stuetzle*, 76 F.3d 1480, 1485 (9th Cir. 1996) (emphasis added).

**B. <u>This Action Is Not Properly Removable Under 28 U.S.C. § 1331</u>.**

Federal question jurisdiction only exists where "1) federal law creates the cause of action; 2) under the artful pleading doctrine, the plaintiff's state law claims should be recharacterized as federal claims; or 3) one or more of the state law claims necessarily turns on the construction of a substantial, disputed federal question." *Rains v. Criterion Systems, Inc.*, 80 F.3d 339, 343 (9th Cir.1996). Removal remains "improper where a federal issue raised in a plaintiff's complaint is *merely collateral* to a state law claim." *Yoshinoya America Inc.*, 2013 WL 865596, at *2 (emphasis in original) (citing 4A Charles A. Wright, Arthur R. Miller et al., Federal Practice and Procedure, § 3722 (4th ed. 2012)). The federal question must be a necessary *element* of the state law claim before federal jurisdiction exists. *Id*. (citing *Merrell Dow Pharmaceuticals Inc. v. Thompson*, 478 U.S. 804, 812 (1986); *Franchise Tax Board v. Construction Laborers Vacation Trust*, 463 U.S. 1, 13 (1983) ("some substantial, disputed question of federal law [must be] a necessary element of one of the well-pleaded state claims")).

**1. Removal Is Not Proper Where A Federal Issue Is Merely Collateral To A State Law Claim.**

Defendant does not, and indeed cannot, dispute that Plaintiffs did not plead any federal causes of action. Instead, Plaintiffs alleged *one* cause of action based on California law. It is true, as Plaintiffs acknowledge in their Complaint, that a violation

of the ADA is necessarily a violation of the Unruh Act. Cal. Civ. Code, § 51(f). However, removal remains "improper where a federal issue raised in a plaintiff's complaint is *merely collateral* to a state law claim." *Jackson v. Yoshinoya America Inc.*, no. 12-cv-08518 MMM EX, 2013 WL 865596, at *2 (C.D. Cal. Mar. 7, 2013) (emphasis in original) (citing 4A Charles A. Wright, Arthur R. Miller et al., Federal Practice and Procedure § 3722 (4th ed. 2012)). The federal question must be a necessary *element* of the state law claim before federal jurisdiction exists. *Id*. at *2 (citing *Merrell Dow Pharmaceuticals Inc. v. Thompson*, 478 U.S. 804, 812 (1986)); *Franchise Tax Board v. Construction Laborers Vacation Trust*, 463 U.S. 1, 13 (1983) ("some substantial, disputed question of federal law [must be] a necessary element of one of the well-pleaded state claims")).

**"*Courts have consistently held that the fact that state law incorporates the ADA as an element of a state law cause of action does not confer federal jurisdiction to hear the state claims*."** *Id*. (emphasis added) (referencing *Wander v. Kaus*, 304 F.3d 856, 859 (9th Cir. 2002) ("Federal-question jurisdiction over a state-law claim is not created just because a violation of federal law is an element of the state law claim"); *Pickern v. Best Western Tiber Cove Lodge Marina Resort*, 194 F.Supp.2d 1128, 1131 (E.D. Cal. 2002) ("The fact that an ADA violation may serve as an element of a state law claim does not automatically confer federal question jurisdiction"); *Jairath v. Dyer*, 154 F.3d 1280, 1281 (11th Cir.1998) (holding that a claim arising under a Georgia state law that incorporated the ADA did not confer federal jurisdiction)).

Indeed, the Ninth Circuit has offered binding authority directly on this point. In *Wander v. Kaus, supra*, the Ninth Circuit explicitly held that "**there is no federal-question jurisdiction over a lawsuit for damages brought under [a California statute], even though the California statute makes a violation of the federal Americans with Disabilities Act a violation of state law. Congress intended that there be no federal cause of action for damages for a violation of Title III of the ADA.** To exercise federal-question jurisdiction in these circumstances would circumvent the intent of Congress. Federal-question jurisdiction is not created merely because a

violation of federal law is an element of a state law claim." 304 F.3d at 857 (emphasis added); *see also Pickern v. Stanton's Restaurant & Woodsman*, No. C 01–2112 SI, 2002 WL 143817 (N.D. Cal. Jan. 29, 2002) (holding that allegations of ADA violations as an element of a state claim for damages were insufficient to support federal question jurisdiction).

Defendant wholly failed to address the *Wander* decision in its removal papers; indeed, it did not even reference this binding authority. Similarly, Defendant failed to address the recent decision in the *Yoshinoya America Inc.* action. In *Yoshinoya America Inc.*, the wheelchair-bound plaintiff alleged two causes of action, one for violation of Title 24 of the California Building Code and the other for violations of California Civil Code §§ 54, 54.1, and the second for violation of California's Unruh Civil Rights Act based on the alleged barriers preventing the plaintiff's accessibility upon the defendant's premises, and sought *both* statutory damages *and injunctive relief* pursuant thereto.

There, the defendant attempted to remove the plaintiff's action on the grounds that the plaintiff's case arose under the ADA and that the Plaintiff's request for injunctive relief made the action removable. The district court granted remand for the same reasons this Court should remand this action, namely because "Federal-question jurisdiction over a state-law claim is not created just because a violation of federal law is an element of the state law claim." *Yoshinoya America Inc., supra,* 2013 WL 865596, at *2 (quoting *Wander, supra,* 304 F.3d at 859). Again, "The fact that an ADA violation may serve as an element of a state law claim does not automatically confer federal question jurisdiction." *Pickern, supra,* 194 F.Supp.2d at 1131.

**2. In Addition to Ignoring Binding Ninth Circuit Precedent, Defendant Ignores Numerous Comparable District Court Cases Ordering Remand.**

In addition to ignoring the binding Ninth Circuit decision in *Wander,* Defendant's Notice of Removal ignores the many more recent decisions from this district which support the remand of the action. *See, e.g., Rios v. Friendly Hills Bank,* No. CV 17-04582

BRO (JPR), 2017 WL 3530348, at *4 (C.D. Cal. Aug. 16, 2017) ("Because the Plaintiff only asserts a state-law cause of action and seeks only state-law remedies, the Court finds that the Plaintiff's claim does not "arise under" federal law."); *Thurston v. Chino Commercial Bank*, No. CV 17-01078 BRO (JCx), 2017 WL 3224681, at *4 (C.D. Cal. July 27, 2017) (same); *Rios v. CWGS Enterprises, LLC*, No. CV 17-03614 RSWL-AFMx, 2017 WL 3449052, at *3 (C.D. Cal. Aug. 11, 2017) ("It is clear that Plaintiff did not directly allege a federal cause of action and federal law does not create the cause of action in the instant case. Therefore, federal question jurisdiction is not appropriate on this basis."); *Cohen v. Ralphs Grocery Co.*, No. CV 13-01728 GAF (JEMx), 2013 WL 1303825, at *2 (C.D. Cal. Mar. 26, 2013) (finding the claim did not "arise under" federal law where the plaintiff alleged a single cause of action pursuant to a violation of the Unruh Act, even where the plaintiff alleged a violation of the ADA as a theory for proving the Unruh Act violation); *Mason v. El Torito*, No. CV 12-07934 GAF (VBKx), slip op. at 3 [ECF #11] (C.D. Cal. Oct. 15, 2012) ("That Plaintiff mentioned the violation of a federal statute in his Complaint does not transform this suit into a federal question case.") (citing *Carpenter v. Raintree Realty, LLC*, No. CV 11–06798–RGK (MRWx), 2012 WL 2579179, at *2 (C.D. Cal. July 2, 2012) ("The mere fact that the Unruh Act incorporates violations of the ADA does not give this Court federal question jurisdiction over Plaintiff's state law claim.") (*Thurston v. Container Store, Inc.*, 2017 WL 658806 (C.D. Cal., Feb. 16, 2017); *Thurston v. Toys R Us, Inc.*, 5:16−cv−02672−JAK-AGR at Dkt. 14, 2-5 (C.D. Cal., February 23, 2017) (RJN Ex. A); *Thurston v. Omni Hotels Management Corporation*, 5:16-cv-02596-TJH-KK at Dkt. 15 (C.D. Cal., May 19, 2017) (RJN Ex. B).

Indeed, the Honorable James v. Selna recently remanded a *nearly identical* complaint, with the same references to the ADA and non-binding federal authority addressing website accessibility, to the Superior Court of California earlier this year in *Thurston v. Clearpath Lending, Inc.*, No. SACV 18-2094 JVS (JDEx) (C.D. Cal., Jan. 28, 2019 at Dkt. No. 20) (RJN Ex. C and D). In pertinent part, Judge Selna stated,

> **"[Defendant's] arguments [for removal based on federal question] fail, however, because they rest on the faulty presumption that Plaintiff's cause of action is based solely on a violation of the ADA**….
>
> "… [T]he case at bar is that Plaintiff alleges multiple theories upon which Defendant may be liable. In other words, the reasoning in *Pickern* is persuasive only in cases where the injunctive relief sought is based solely on violations of the ADA. **Here, it is possible that Plaintiff will obtain injunctive relief based on a theory independent of the ADA. It is also possible that Plaintiff will obtain such relief premised on the ADA. Therefore, because the ADA is not sufficiently implicated and because there is no binding authority directly on point, the Court finds resolution of this motion ambiguous**.
>
> "Accordingly, Defendant has not overcome the presumption against removal, *see Kokkenon*, 511 U.S. at 377. The motion is granted."

*Clearpath Lending, Inc.*, No. SACV 18-2094 JVS, at *5-7 (JDEx) (C.D. Cal., Jan. 28, 2019 at Dkt. No. 20) (emphasis added) (RJN Ex. C). Even more recently, the Honorable Manuel L. Real remanded a nearly identical complaint on the same grounds. *See Licea v. J&P Park Acquisitions, Inc*., CV 19-68-R, 2019 WL 1296876 (C.D. Cal. Mar. 20, 2019) (ordering remand and the payment of the plaintiffs' attorney's fees).

Similarly, in *Toys R Us*, *supra*, the Court recognized that the plaintiff alleged essentially two theories of relief, as Plaintiffs similarly do here:

> "A review of these allegations and a construction of the Unruh Act, shows that the Complaint seeks relief under two separate theories: (i) Defendant violated Cal. Civ. Code § 51(b), which provides that all persons within the jurisdiction of California are 'entitled to the full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever," and (ii) Defendant violated Cal. Civ. Code § 51(f), which provides that an ADA violation is also a violation of the Unruh Act.

> There is no showing or suggestion that the relief Plaintiff has requested is unavailable under California law. Thus, the present claim is not based *solely* on the ADA. 'When a claim can be supported by alternative and independent theories – one of which is a state law theory and one of which is a federal law theory – federal question jurisdiction does not attach because federal law is not a necessary element of the claim.' *Rains v. Criterion Sys., Inc.*, 80 F.3d 339, 346 (9th Cir. 1996)."

*Toys R Us*, 5:16−cv−02672−JAK-AGR, Dkt. 14 at 4 (C.D. Cal., February 23, 2017) (emphasis in original) (RJN Ex. A).

In sum, it is undisputed that Plaintiffs' claim arises under the California Civil Code, the Unruh Civil Rights Act, a state law. The Ninth Circuit has made clear that there is no federal-question jurisdiction over a lawsuit for damages brought under a California statute (the Unruh Act) which is also a violation of Title III of the ADA. *Wander v. Kaus, supra*, 304 F.3d at 857. The Ninth Circuit has also made clear that "the court resolves all ambiguity in favor of remand to the state court." *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009).

Defendant ignores all of this authority. Accordingly, this Court should grant this Motion and remand this action to the Superior Court for the County of Riverside.

## IV. ATTORNEYS' FEES SHOULD BE AWARDED TO PLAINTIFFS

Where removal was improper, the court may award attorneys' fees incurred in seeking remand to the proper court. 28 U.S.C. § 1447(c) ("An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal.") The Supreme Court held that "the standard for awarding fees should turn on the reasonableness of the removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). As the Court put it, "[a]bsent unusual circumstances, courts may award attorney's fees [] where the removing party lacked an objectively reasonable basis for seeking removal." *Id.*; *Lussier v. Dollar Tree Stores, Inc.*, 518 F.3d 1062, 1065 (9th Cir. 2008).

Removal was improper here because Defendant lacked an objectively reasonable basis for removal of this action. Defendant wholly, and intentionally, failed to acknowledge binding Ninth Circuit authority *directly on point* when attempting to base its removal on federal question jurisdiction. *Wander v. Kaus*, 304 F.3d 856, 857 (9th Cir. 2002) ("there is no federal-question jurisdiction over a lawsuit for damages brought under [a California statute], even though the California statute makes a violation of the federal Americans with Disabilities Act a violation of state law.") (emphasis added). The Court does not need to find bad faith before awarding such fees and costs, and as such, awarding fees against Defendant herein is reasonable. 28 USC § 1447(c); *Moore v. Permanente Med. Group, Inc.*, 981 F.2d 443, 446 (9th Cir. 1992).

## VI. CONCLUSION

For the reasons set forth herein, Plaintiffs respectfully request that the Court remand this action to the Superior Court of California for the County of Riverside, award Plaintiffs attorneys' fees in the amount of $6,125, and grant such further and other relief as the Court deems appropriate.

Dated: May 22, 2019

PACIFIC TRIAL ATTORNEYS
A Professional Corporation

By: */s/ Scott J. Ferrell*
Scott J. Ferrell
Attorney for Plaintiff

**CERTIFICATE OF SERVICE**

I hereby certify that on May 22, 2019, I electronically filed the foregoing **NOTICE OF MOTION AND MOTION TO REMAND ACTION TO THE SUPERIOR COURT OF CALIFORNIA FOR THE COUNTY OF RIVERSIDE; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF** with the Clerk of the Court using the CM/ECF system which will send notification of such filing via electronic mail to all counsel of record.

*/s/ Scott J. Ferrell*
Scott J. Ferrell