1

**PACIFIC TRIAL ATTORNEYS**
A Professional Corporation

2

Scott J. Ferrell, Bar No. 202091
4100 Newport Place Drive, Suite 800

3

Newport Beach, CA 92660
Telephone: (949)706-6464

4

sferrell@pacifictrialattorneys.com

5

Attorney for Plaintiffs

6

7

8

**UNITED STATES DISTRICT COURT**

9

**CENTRAL DISTRICT OF CALIFORNIA**

10

11

ABELARDO MARTINEZ, JR., an
individual, and ROY RIOS, an individual,

12

Plaintiffs,

13

v.

14

ADIDAS AMERICA, INC., an Oregon
corporation; and DOES 1-10, inclusive,

15

16

Defendants.

Case No.  5:19-cv-00841-JGB-KK

**REPLY BRIEF IN SUPPORT OF
PLAINTIFFS' MOTION TO REMAND
ACTION TO THE SUPERIOR
COURT OF CALIFORNIA FOR THE
COUNTY OF RIVERSIDE**

[Concurrently filed with Objections to
Alleged Evidence]

Date:   June 24, 2019
Time:  9:00 a.m.__
Ctrm:  1

Complaint filed:   April 19, 2019
Removal Filed:     May 6, 2019

17

18

19

20

21

22

23

24

25

26

27

28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# **TABLE OF CONTENTS**

**I.**   PLAINTIFFS FULFILLED THE LOCAL RULE 7-3 MEET AND CONFER REQUIREMENT.................................................................................1

**II.**   ARGUMENT ...................................................................................2

   **A.**   REMOVAL IS NOT PROPER WHERE A FEDERAL ISSUE IS MERELY COLLATERAL TO A STATE LAW CLAIM..................................................................2

   **B.**   PLAINTIFFS' COMPLAINT SHOULD REASONABLY BE CONSTRUED AS ADDITIONALLY PLEADING INTENTIONAL DISCRIMINATION UNDER THE UNRUH ACT....................................................................................5

   **C.**   THE LACK OF A NEXUS REQUIREMENT UNDER THE UNRUH ACT SUPPORTS REMAND. ...................................................................................8

   **D.**   DEFENDANT'S REFERENCE TO IRRELEVANT MATTERS IS AN IMPROPER ATTEMPT TO PREJUDICE PLAINTIFFS..............................................................9

**III.** CONCLUSION .................................................................................11

PLAINTIFFS' REPLY BRIEF IN SUPPORT OF MOTION TO REMAND TO THE SUPERIOR COURT

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Anyang Xinyi Electric Glass Co., Ltd. v. B & F Intl. (USA) Inc.*,
   CV-1500862-BRO(AJWx), 2016 WL 7435482 (C.D. Cal. Aug. 4,
   2016) ................................................................................................................ 2

*Butler v. Adoption Media, LLC*,
   486 F. Supp. 2d 1022 (N.D. Cal. 2007) ................................................... 8, 9

*California Shock Trauma Air Rescue v. State Compen. Ins. Fund*,
   636 F.3d 538 (9th Cir. 2011) ........................................................................ 3

*Cohen v. Ralphs Grocery Co.*,
   No. CV 13-01728 GAF, 2013 WL 1303825 (C.D. Cal. Mar. 26, 2013)..................... 6

*Curtis v. Home Depot U.S.A., Inc.*,
   2014 WL 1419369 (E.D. Cal. Apr. 11, 2014) .............................................. 10

*Fontano v. Little Caesar Enterprises, Inc.*,
   2010 WL 4607021 (C.D. Cal. Nov. 3, 2010) ................................................ 8

*Franchise Tax Board v. Construction Laborers Vacation Trust*,
   463 U.S. 1 (1983)........................................................................................... 3

*Grable & Sons Metal Products, Inc. v. Darue Engr. & Mfg.*,
   545 U.S. 308 (2005)................................................................................... 5, 7

*Gully v. First Nat'l Bank*,
   299 U.S. 109, 57 S.Ct. 96 (1936)................................................................. 3

*Jackson v. Yoshinoya America Inc.*,
   Case No. 12-cv-08518 MMM....................................................... 3, 7, 8

*Jairath v. Dyer*,
   154 F.3d 1280 (11th Cir.1998) ..................................................................... 3

*Kittok v. Leslie's Poolmart, Inc.*,
   687 F. Supp. 2d 953 (C.D. Cal. 2009) ......................................................... 9

*Licea v. J&P Park Acquisitions, Inc.*,
   CV 19-68-R, 2019 WL 1296876 (C.D. Cal. Mar. 20, 2019)....................... 7

*Lonberg v. Home Depot Store 610*,
  2000 WL 34602549 (C.D. Cal. July 27, 2000)............................................................9

*Martinez v. Matrix Health Products, Inc.*,
  2019 WL 2242074 ..............................................................................................1, 7

*Martinez v. Seacoast Commerce Bank*,
  3:18-cv-02591-L-BLM (S.D. Cal. Nov. 15, 2018).......................................................1

*Mason v. El Torito*,
  No. CV 12-07934 GAF, slip op. (C.D. Cal. Oct. 15, 2012) ........................................6

*Meggs v. NBCUniversal Media, LLC*,
  2:17-CV-03769-ODW(RAOx), 2017 WL 2974916 (C.D. Cal. July 12,
  2017) ......................................................................................................................2

*Molski v. EOS Estate Winery*,
  2004 WL 3952249, No. CV 03-5880-GAF (C.D. Cal. July 14, 2005) ......................4

*Molski v. M.J. Cable, Inc.*,
  481 F.3d 724 (9th Cir. 2007) ...................................................................................4

*Morales v. Ralphs Grocery Co.*,
  2012 WL 6087699 (E.D. Cal. Dec. 6, 2012) ..........................................................10

*Nat'l Fed. of Blind v. Target*,
  582 F. Supp. 2d 1185 (N.D. Cal. 2007)..................................................................8, 9

*O'Connor v. Village Green Owners Ass'n*,
  33 Cal.3d 790, 191 Cal. Rptr. 320, 662 P.2d 427 (1983) ...........................................9

*Pickern v. Best Western Tiber Cove Lodge Marina Resort*,
  194 F.Supp.2d 1128 (E.D. Cal. 2002) ..................................................................3, 7

*Pickern v. Stanton's Restaurant & Woodsman*,
  No. C 01–2112 SI, 2002 WL 143817 (N.D. Cal. Jan. 29, 2002)................................4

*Rains v. Criterion Sys., Inc.*,
  80 F.3d 339 (9th Cir. 1996) .....................................................................................6

*Rios v. CWGS Enterprises, LLC*,
  No. CV 17-03614...................................................................................................6

PLAINTIFFS' REPLY BRIEF IN SUPPORT OF MOTION TO REMAND TO THE SUPERIOR COURT

*Rios v. Friendly Hills Bank*,
   No. CV 17-04582 BRO (JPR), 2017 WL 3530348 (C.D. Cal. Aug. 16,
   2017) .................................................................................................. 6

*Sipe v. Am. Casino & Ent. Properties, LLC*,
   16CV124, 2016 WL 1580349 (W.D. Pa. Apr. 20, 2016) ......................... 10

*Suchenko v. ECCO USA, Inc.*,
   18-CV-0562, 2018 WL 3933514 (W.D. Pa. Aug. 16, 2018) ..................... 10

*Thurston v. Chino Commercial Bank*,
   No. CV 17-01078 BRO, 2017 WL 3224681 (C.D. Cal. July 27, 2017) ..... 6

*Thurston v. ClearPath Lending, Inc.*,
   2019 WL 366405 (C.D. Cal. Jan. 28, 2019) ............................................. 6

*Thurston v. Container Store, Inc.*,
   2017 WL 658806 (C.D. Cal., Feb. 16, 2017) ....................................... 1, 6

*Thurston v. Midvale Corporation*,
   2018 WL 6990623 (L.A. Sup. Ct., BC663214) (May 21, 2018) ............... 5

*U.S. v. AMC Ent., Inc.*,
   549 F.3d 760 (9th Cir. 2008) .................................................................. 10

*United States v. AMC Entertainment, Inc.*,
   232 F. Supp. 2d 1092 .............................................................................. 10

*Vogel v. Rite Aid Corp.*,
   992 F. Supp. 2d 998 (C.D. Cal. 2014) ...................................................... 4

*Wander v. Kaus*,
   304 F.3d 856 (9th Cir. 2002) ............................................................... 3, 4

*Warfield v. Peninsula Golf & Country Club*,
   10 Cal.4th 594, 42 Cal.Rptr.2d 50, 896 P.2d 776 (1995) ......................... 9

**Federal Statutes**

ADA .....................................................................................................*passim*

ADA Title III............................................................................................... 4

**State Statute**

Civil Code

§ 51 et seq. ........................................................................................... 5
§ 51(b) ................................................................................................... 6
§ 51(f) .......................................................................................... 3, 4, 6, 7
§ 54 ........................................................................................................ 8
§ 519(b) ................................................................................................. 8
Unruh Act .................................................................................... *passim*
Unruh Act amendments .......................................................................... 8

Health & Safety Code

§ 19955 .................................................................................................. 8

**Federal Rules**

LOCAL RULE 7-3 ............................................................................... 1, 2

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## I.   PLAINTIFFS FULFILLED THE LOCAL RULE 7-3 MEET AND CONFER REQUIREMENT.

Defense counsel's contention that Plaintiff's' counsel failed to adequately meet and confer pursuant to Local Rule 7-3 is incorrect and purposefully misleading to the court.  Aside from meeting and conferring on the instant motion on May 8-9, 2019 prior to filing, which defense counsel admits (Hurley Decl., Ex. A), defense counsel wholly fails to acknowledge that it has raised the exact same arguments *ad nauseam* with Plaintiffs' counsel on other prior unsuccessful attempts to remove to the district court. *See e.g. Martinez v. Matrix Health Products, Inc.*, 2019 WL 2242074 EDCV 190742(DOC)(AGRx) (C.D. Cal. May 24, 2019); *Martinez v. Seacoast Commerce Bank*, 3:18-cv-02591-L-BLM (S.D. Cal. Nov. 15, 2018); *Thurston v. Container Store, Inc.*, 2017 WL 658806 (C.D. Cal., Feb. 16, 2017); *Thurston v. Toys R Us, Inc.,* 5:16−cv−02672−JAK-AGR at Dkt. 14, 2-5 (C.D. Cal., February 23, 2017); *Thurston v. Omni Hotels Management Corporation*, 5:16-cv-02596-TJH-KK at Dkt. 15 (C.D. Cal., May 19, 2017).

Indeed, only last month in *Martinez v. Matrix Health Products, Inc.*, EDCV 190742(DOC)(AGRx), 2019 WL 2242074, at *1 (C.D. Cal. May 24, 2019), defense counsel removed an identical action based on the exact same arguments raised in the their Opposition *and* meet and confer efforts, and the Honorable David O. Carter properly remanded the action to the Superior Court determining "Plaintiffs' cause of action and prayer for relief do not present an essential question of federal law." *Id.*, at *3.

Defense counsel repetitively raises the same, inapplicable arguments that do not support their improper removals to the district court despite other district court orders rejecting the exact same arguments again and again.  For the reasons set forth in Plaintiffs' meet and confer efforts prior to filing this motion, in the motion for remand, as further set forth herein, *and* for the reasons that Plaintiffs' counsel has *repeatedly* addressed with defense counsel, Plaintiffs' claims do not arise exclusively under the ADA, Plaintiffs seek no relief whatsoever pursuant thereto, they have adequately pled

1  intentional discrimination under Unruh, and as such, both removal and any arbitrary offer

2  to stipulate *after* Plaintiffs filed their motion are improper.  (Dkt. No. 12 at 2:28).

3        Not only does defense counsel ignore the multiple times the district courts have

4  granted motions for remand based on identical grounds and the numerous meet and

5  confer efforts between the parties' counsel, Defendant similarly fails to properly

6  acknowledge the actual requirements of Local Rule 7-3.   While Local Rule 7-3

7  contemplates that counsel meet and confer, "preferably in person", it does not require

8  that meet and confer efforts take place in person or even over the phone.   Indeed,

9  numerous Central District decisions acknowledge meet and confer efforts may take place

10 via email. *See e.g. Meggs v. NBCUniversal Media, LLC*, 2:17-CV-03769-ODW(RAOx),

11 2017 WL 2974916, at *4 (C.D. Cal. July 12, 2017); *Anyang Xinyi Electric Glass Co.,*

12 *Ltd. v. B & F Intl. (USA) Inc.*, CV-1500862-BRO(AJWx), 2016 WL 7435482, at *6, n.

13 6 (C.D. Cal. Aug. 4, 2016).  Here not only were meet and confer efforts undertaken by

14 email, but have occurred many times despite numerous district orders remanding similar

15 actions to the Superior Court over and over.

16       Considering defense counsel continues to improperly remove actions on the exact

17 same grounds despite orders to remand, and despite Plaintiffs' counsel's ongoing meet

18 and confer efforts and bases for remand, Defendant's contention that "it is possible that

19 this motion could have been entirely avoided" is particularly preposterous.  (Dkt. No. 12

20 at 15:1-2).  The way the instant motion could have been avoided is if Defendant did not

21 improperly remove this action based on the *numerous* remand orders repeatedly rejecting

22 Defendant's arguments in the first place.

## II.   ARGUMENT

### A.   <u>Removal Is Not Proper Where A Federal Issue Is Merely Collateral To A State Law Claim.</u>

25       Defendant incorrectly contends that "Plaintiffs' Premise Their Claims Exclusively

26 Under the ADA" (Dkt. No. 12 at 9:21), which may be immediately determined as false

27 with a simple review of Plaintiff's complaint revealing both a cause of action and prayer

28 for relief arising under the Unruh Act.  Defendant's erroneous contention ignores the

2

well-pleaded complaint rule: "Under the well-pleaded complaint rule, we must determine whether "a right or immunity created by the Constitution or laws of the United States must be an element, ***and an essential one***, of the plaintiff's cause of action." *California Shock Trauma Air Rescue v. State Compen. Ins. Fund*, 636 F.3d 538, 541 (9th Cir. 2011) (emphasis added) (referencing *Gully v. First Nat'l Bank,* 299 U.S. 109, 112, 57 S.Ct. 96 (1936)).  Plaintiffs' cause of action and prayer for relief *do not* present an essential question of federal law.

Defendant does not, and indeed cannot, dispute that Plaintiffs did not plead *any* federal causes of action.  It is true, as Plaintiffs acknowledge in their Complaint, that a violation of the ADA is necessarily a violation of the Unruh Act.  Cal. Civ. Code, § 51(f).  However, removal remains "improper where a federal issue raised in a plaintiff's complaint is *merely collateral* to a state law claim."  *Jackson v. Yoshinoya America Inc.*, no. 12-cv-08518 MMM EX, 2013 WL 865596, at *2 (C.D. Cal. Mar. 7, 2013) (emphasis in original) (citing 4A Charles A. Wright, Arthur R. Miller et al., Federal Practice and Procedure § 3722 (4th ed. 2012)).  The federal question must be a necessary *element* of the state law claim before federal jurisdiction exists.  *Id.* at *2 (citing *Merrell Dow Pharmaceuticals Inc. v. Thompson*, 478 U.S. 804, 812 (1986)); *Franchise Tax Board v. Construction Laborers Vacation Trust*, 463 U.S. 1, 13 (1983) ("some substantial, disputed question of federal law [must be] a necessary element of one of the well-pleaded state claims")).

**"*Courts have consistently held that the fact that state law incorporates the ADA as an element of a state law cause of action does not confer federal jurisdiction to hear the state claims*."**  *Id.* (emphasis added) (referencing *Wander v. Kaus*, 304 F.3d 856, 859 (9th Cir. 2002)  ("Federal-question jurisdiction over a state-law claim is not created just because a violation of federal law is an element of the state law claim"); *Pickern v. Best Western Tiber Cove Lodge Marina Resort,* 194 F.Supp.2d 1128, 1131 (E.D. Cal. 2002) ("The fact that an ADA violation may serve as an element of a state law claim does not automatically confer federal question jurisdiction"); *Jairath v. Dyer,* 154 F.3d 1280, 1281

(11th Cir.1998) (holding that a claim arising under a Georgia state law that incorporated the ADA did not confer federal jurisdiction)).

Indeed, the Ninth Circuit has offered binding authority directly on this point. In *Wander v. Kaus, supra*, the Ninth Circuit explicitly held that

> "**there is no federal-question jurisdiction over a lawsuit for damages brought under [a California statute], even though the California statute makes a violation of the federal Americans with Disabilities Act a violation of state law. Congress intended that there be no federal cause of action for damages for a violation of Title III of the ADA.** To exercise federal-question jurisdiction in these circumstances would circumvent the intent of Congress. Federal-question jurisdiction is not created merely because a violation of federal law is an element of a state law claim."

304 F.3d at 857 (emphasis added); *see also Pickern v. Stanton's Restaurant & Woodsman*, No. C 01–2112 SI, 2002 WL 143817 (N.D. Cal. Jan. 29, 2002) (holding that allegations of ADA violations as an element of a state claim for damages were insufficient for federal question jurisdiction).

Defendant attempts to get around the binding authority in *Wander* by trying to draw this Court's focus to Plaintiff's injunctive relief request (which arises under the Unruh Act) but in doing so misleadingly fails to acknowledge that *Plaintiff seeks statutory damages pursuant to the Unruh Act*, a form of relief specifically omitted from the ADA. *Vogel v. Rite Aid Corp.*, 992 F. Supp. 2d 998, 1011 (C.D. Cal. 2014) ("Unlike the ADA, the Unruh Act permits the recovery of monetary damages, in the form of actual and treble damages or statutory damages of $4,000 per violation.") (referencing *Molski v. M.J. Cable, Inc*., 481 F.3d 724, 731 (9th Cir. 2007) (citing Cal. Civ. Code § 52(a))).

Here Plaintiffs' state law claims and request for relief thereunder substantially predominate over the mere incorporation of the ADA into the Unruh Act pursuant to section 51(f). *See e.g. Molski v. EOS Estate Winery*, 2004 WL 3952249, at *4, No. CV 03-5880-GAF (C.D. Cal. July 14, 2005) (noting plaintiff's ADA claim was merely a "jurisdictional hook" into federal court, but the "predominant focus" of the lawsuit was his damages under state-law, even when voluntarily limited himself to $4,000).

1   In short, Plaintiffs' complaint *does not* "implicate significant federal issues."
2   *Grable & Sons Metal Products, Inc. v. Darue Engr. & Mfg.*, 545 U.S. 308, 312 (2005).
3   Instead, as set forth in Plaintiffs' motion and herein, it presents a cause of action and
4   request for relief under the Unruh Act that numerous other courts have determined to be
5   appropriate for consideration by the Superior Courts.[1]

6   **B.   Plaintiffs' Complaint Should Reasonably Be Construed As Additionally Pleading Intentional Discrimination Under the Unruh Act.**

7   Defendant offers an incorrect and self-serving reading of Plaintiffs' complaint
8   when it attempts to argue Plaintiffs made no allegations of intentional discrimination
9   under the Unruh Act.  (Dkt. No. 12 at 10:8-11:7).  Rather, Plaintiffs' Complaint can and
10  should be construed as alleging intentional discrimination in paragraph 24: "***Defendant's***
11  ***actions constitute*** <u>***intentional discrimination***</u> **against Plaintiffs on the basis of a**
12  **disability in violation of the Unruh Civil Rights Act, Cal. Civil Code § 51 et seq. in**
13  **that: Defendant has constructed a Website that is inaccessible to Plaintiffs;**
14  **knowingly maintains the Website in this inaccessible form; and has failed to take**
15  **adequate actions to correct these barriers even after being notified of the**
16  **discrimination that such barriers cause**."  (emphasis added).

17  Indeed, on April 17, 2019, prior to filing their Complaint, Plaintiffs sent to
18  Defendant a letter advising it of its website's violations of the Unruh Act.  Defendant
19  ignored Plaintiffs' letter and refused to make the changes to its website to ensure full and
20  equal accessibility by Plaintiffs and others who are visually impaired, thus prompting the
21  filing of the Complaint.  As such, Defendant's failure and refusal to ensure equal
22  accessibility as demand by the Unruh Act despite Plaintiffs explicitly advising it of such
23  constitutes intentional discrimination.

---

[1] *See e.g. Thurston v. Midvale Corporation*, 2018 WL 6990623 (L.A. Sup. Ct., BC663214) (May 21, 2018) (awarding statutory damages and injunctive relief under the Unruh Act); *Davis v. BMI/BNB Travelware Company dba Colorado Bag'n Baggage*, 2016 WL 2935482, (San Ber. Sup. Ct., CIVDS1504682) (Cal. Super. Mar. 21, 2016) (same).

Thus, Plaintiffs' reliance upon the very similar scenario in *Thurston v. Toys R Us, Inc.,* 5:16−cv−02672−JAK-AGR at Dkt. 14, pg. 4 (C.D. Cal., February 23, 2017) is directly on point:

> "A review of these allegations and a construction of the Unruh Act, shows that the Complaint seeks relief under two separate theories: (i) Defendant violated Cal. Civ. Code § 51(b), which provides that all persons within the jurisdiction of California are 'entitled to the full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever," and (ii) Defendant violated Cal. Civ. Code § 51(f), which provides that an ADA violation is also a violation of the Unruh Act. **There is no showing or suggestion that the relief Plaintiff has requested is unavailable under California law. Thus, the present claim is not based *solely* on the ADA. 'When a claim can be supported by alternative and independent theories – one of which is a state law theory and one of which is a federal law theory – federal question jurisdiction does not attach because federal law is not a necessary element of the claim**.' *Rains v. Criterion Sys., Inc.,* 80 F.3d 339, 346 (9th Cir. 1996)."

*Toys R Us*, 5:16−cv−02672−JAK-AGR, Dkt. 14 at 4 (C.D. Cal., February 23, 2017) (emphasis added) (Dkt. No. 10-2, Ex. A); *Thurston v. Omni Hotels Management Corporation*, 5:16-cv-02596-TJH-KK at Dkt. 15 (C.D. Cal., May 19, 2017) (Dkt. No. 10-2, Ex. B). Similarly, Plaintiff's reliance on the *numerous* other district court decisions remanding similarly drafted complaints with website accessibility claims arising under the Unruh Act should be well-taken.[2]

Indeed, Defendant makes no attempt to distinguish itself from, let alone acknowledge, the Honorable James V. Selna's recent opinion in *Thurston v. ClearPath Lending, Inc.*, 2019 WL 366405, SACV-18-2094-JVS(JDEx) (C.D. Cal. Jan. 28, 2019), where an *identical complaint* (aside from parties and website) was properly remanded to

---

[2] *See Rios v. Friendly Hills Bank*, No. CV 17-04582 BRO (JPR), 2017 WL 3530348, at *4 (C.D. Cal. Aug. 16, 2017); *Thurston v. Chino Commercial Bank*, No. CV 17-01078 BRO (JCx), 2017 WL 3224681, at *4 (C.D. Cal. July 27, 2017) (same); *Rios v. CWGS Enterprises, LLC*, No. CV 17-03614 RSWL-AFMx, 2017 WL 3449052, at *3 (C.D. Cal. Aug. 11, 2017); *Cohen v. Ralphs Grocery Co.*, No. CV 13-01728 GAF (JEMx), 2013 WL 1303825, at *2 (C.D. Cal. Mar. 26, 2013); *Mason v. El Torito*, No. CV 12-07934 GAF (VBKx), slip op. at 3 [ECF #11] (C.D. Cal. Oct. 15, 2012) (citing *Carpenter v. Raintree Realty, LLC*, No. CV 11−06798–RGK (MRWx), 2012 WL 2579179, at *2 (C.D. Cal. July 2, 2012); (*Thurston v. Container Store, Inc.*, 2017 WL 658806 (C.D. Cal., Feb. 16, 2017).

the Superior Court for lack of jurisdiction.  *See also, Licea v. J&P Park Acquisitions, Inc.*, CV 19-68-R, 2019 WL 1296876 (C.D. Cal. Mar. 20, 2019) (same).

Defendant likewise makes no attempt to distinguish *Martinez v. Matrix Health Products, Inc.*, 2019 WL 2242074 EDCV 190742(DOC)(AGRx) (C.D. Cal. May 24, 2019) where a nearly identical complaint was improperly removed by defense counsel and remanded by the Honorable David O. Carter, wherein he stated,

> Plaintiffs' cause of action and prayer for relief do not present an essential question of federal law. Defendant does not, and indeed cannot, dispute that Plaintiffs did not plead any federal causes of action. It is true, as Plaintiffs acknowledge in their Complaint, that a violation of the ADA is necessarily a violation of the Unruh Act. Cal. Civ. Code, § 51(f). But "[c]ourts have consistently held that the fact that state law incorporates the ADA as an element of a state law cause of action does not confer federal jurisdiction to hear the state claims." *See Jackson v. Yoshinoya America Inc.*, Case No. 12-cv-08518 MMM EX, 2013 WL 865596, at *2 (C.D. Cal. Mar. 7, 2013) (citing *Wander v. Kaus*, 304 F.3d 856, 859 (9th Cir. 2002) ("Federal-question jurisdiction over a state-law claim is not created just because a violation of federal law is an element of the state law claim") ). Plaintiffs' complaint does not "implicate significant federal issues." *Grable*, 545 U.S. at 312.

*Martinez*, 2019 WL 2242074, at *3.

Defendant's reliance on the dicta in *Pickern v. Best Western Timber Cove Lodge Marina Resort*, 194 F. Supp. 2d 1128 (E.D. Cal. 2002) in its memorandum is incomplete and misleading, as explicitly acknowledged in the *Yoshinoya America* decision.   In *Yoshinoya America*, like here,

> Defendants argue that because Jackson seeks injunctive relief, and because the California statute providing for that relief incorporates the ADA, a federal question is raised. The court disagrees for two reasons. First, the language in *Pickern* is at best persuasive dicta; second, the language does not reach as far as defendants suggest. The *Pickern* court implicitly distinguished between the "unlikely" claim described above—which it assumed without deciding would support original jurisdiction—and state claims not *solely* based on ADA violations. *Id.* ("The question of original jurisdiction over a state claim for injunctive relief is therefore unlikely to arise").
> **Moreover, even if defendants' reading of the *Pickern* dicta is correct, <u>their argument fails because Jackson's injunctive relief prayer is not based solely on ADA violations.</u> While it is true that Jackson alleges defendants violated the ADA, <u>he bases his causes of action solely on violations of state laws</u>** (e.g.

California Civil Code §§ 54 and 54. 1, California Health & Safety Code § 19955, California Civil Code § 519(b), etc.), **and seeks injunctive relief based on violations of those laws**.

*Yoshinoya America*, 2013 WL 865596, at *3 (emphasis added).

For similar reasons, Defendant's reliance on *Fontano v. Little Caesar Enterprises, Inc.*, 2010 WL 4607021 (C.D. Cal. Nov. 3, 2010) is misplaced and distinguishable. Unlike here, the plaintiff in *Fontano* expressly based his Unruh cause of action solely upon the defendant's alleged violation of the ADA. That is not the case here. As set forth above, Plaintiffs' Unruh cause of action, and the injunctive relief and statutory damages sought pursuant thereto, also include allegations of intentional discrimination.

**C.    The Lack of A Nexus Requirement Under the Unruh Act Supports Remand.**

Defendant attempts to draw the Court's attention to the Circuit split over whether there must be a nexus to a physical place of public accommodation for website accessibility to be actionable under the ADA as a basis for this action to be present in the district court; however, Defendant misleadingly failed to acknowledge that, unlike the ADA, the Unruh Act does not require a nexus between physical "business establishments" and their services, which clearly supports remand. (Dkt. No. 12 at 12:4-13); *Butler v. Adoption Media, LLC*, 486 F. Supp. 2d 1022, 1056 (N.D. Cal. 2007), (holding specifically that "**the ParentProfiles.com website is plainly a business establishment as defined under California law**") (emphasis added) (citing *Isbister v. Boys' Club of Santa Cruz, Inc.*, 40 Cal. 3d 72 (1985) (California Supreme acknowledging that the California Legislature intended the Unruh Act's definition of "business establishments" to be interpreted "in the broadest sense reasonably possible").

Indeed, Defendant fails to even <u>address</u> *Nat'l Fed. of Blind v. Target*, 582 F. Supp. 2d 1185 (N.D. Cal. 2007), which specifically held:

"**The statutory text [of the Unruh Act] is not susceptible to the limited construction that the Ninth Circuit has placed on the ADA**. *Weyer,* 198 F.3d at 1114 (9th Cir.2000). **In its 1959 amendments to the Unruh Act, the California legislature eliminated the list of physical places contained in the Act and replaced it with the reference to "all business establishments of every kind**

1

2

3

4

5

6

7

8

whatsoever." *Warfield v. Peninsula Golf & Country Club,* 10 Cal.4th 594, 618, 42 Cal.Rptr.2d 50, 896 P.2d 776 (1995) [citation omitted]. **By contrast, the California Supreme Court has read the relevant language of the Unruh Act to the broadest extent possible: "the word 'establishment,' as broadly defined, includes not only a fixed location ... but also a permanent 'commercial force or organization.' "** *O'Connor v. Village Green Owners Ass'n,* 33 Cal.3d 790, 795, 191 Cal. Rptr. 320, 662 P.2d 427 (1983).… Indeed, one federal district has recently construed the term "business establishment" to include an exclusively internet-based adoption agency. *Butler v. Adoption Media, LLC,* 486 F.Supp.2d 1022, 1054 (N.D. Cal.2007) (Hamilton, J.).… **None of these cases restrict the applicability of the Unruh Act in the same way as the ADA; imposing a nexus requirement on the class definition for the California subclass is, therefore, not necessary**.

9

10

*Target Corp.*, 582 F. Supp. 2d at 1197 (emphasis added).  The foregoing decision recognized that the Unruh Act does not support a nexus requirement – period.

11

12

13

14

15

16

Instead of acknowledging the foregoing authority, Defendant attempts to rely upon a party's *trial brief* in a Superior Court case in an attempt to read Plaintiffs' complaint and the binding and persuasive case law informing this Court's decision. (Dkt. No. 12 at 11:8-13).  Needless to say, an unrelated *trial brief* from a party in the Superior Court has no bearing, or persuasive effect here.  Indeed, in the case needlessly referenced by Defendant there were no removal and remand proceedings to draw a comparison.

17

### D.  Defendant's Reference to Irrelevant Matters Is An Improper Attempt to Prejudice Plaintiffs.

18

19

20

21

22

As further set forth in Plaintiffs' concurrently filed Objections to Alleged Evidence, Defendant goes out of its way to cite irrelevant cases in an improper attempt to prejudice Plaintiffs and smear their counsel. (Dkt. No. 12 at 13:5-14).  Such tactics are improper for officers of the court and, unfortunately, are tactics for which defense counsel has been admonished by several courts in the past.[3]

23

24

25

26

27

28

---

[3] Specifically, Defendant's counsel has a history of scorched-earth litigation tactics which, since 2000, courts have described as making "disabled individuals reluctant to try and enforce their civil rights[.]" *Lonberg v. Home Depot Store 610*, 2000 WL 34602549, *2 (C.D. Cal. July 27, 2000).  Indeed, defense counsel has been admonished on a number of occasions for needlessly attacking and mischaracterizing disabled plaintiffs and their attorneys, practicing in bad faith, misrepresenting facts and the status of the law, and generally engaging in inequitable conduct:

- *Kittok v. Leslie's Poolmart, Inc.*, 687 F. Supp. 2d 953, 959 (C.D. Cal. 2009) (admonishing Attorney Hurley for filing a "**general tirade against disabled plaintiffs**," including "the inflammatory, baseless, and unprofessional suggestion that, '[a]s is typical in ADA shakedown schemes, Plaintiff

1    It should go without saying, but the reasons certain cases filed on behalf of *completely*

2    *different plaintiffs*, with *completely different defendants*, with *completely different factual*

3    *allegations*, whose actions were removed *not on identical grounds*, are of completely no

4    relevance or import to the action presently before this Court. (*Id.* at 12:14-13:4). Indeed,

5    Defendant does not, because it cannot, cite to any authority that supports its improper and

6    irrelevant introduction of evidence.

7         Similarly, Defendant's reference to an unverified complaint pending against

8    completely different parties than those here, with completely different causes of action

9    that are in no way related to website accessibility, the ADA or the Unruh Act, is a

10   pointless attack merely aimed at causing improper prejudice to Plaintiffs and distracting

11

12   ───────────────────

13   and her counsel have unnecessarily incurred attorneys' fees throughout this litigation'" and finding
     that "defendant's counsel—not plaintiff's—has acted unprofessionally and generated needless
     expenses for both parties in the case.") (emphasis added).

14   • In *Morales v. Ralphs Grocery Co.*, 2012 WL 6087699 (E.D. Cal. Dec. 6, 2012), Attorney Hurley
     argued that "Plaintiff's counsel belong[ed] to an 'unscrupulous law firm,' and that the lawsuit [was]

15   a 'legal shakedown scheme,' brought for the 'purposes of extorting money from the defendants' due
     to the serial nature of Plaintiff and Plaintiff's counsel filing of ADA litigation." *Id.* at *8. The court

16   firmly rejected these allegations, and expressed "concern[]" with Attorney Hurley's "violation of
     [his] duty of candor[.]" *Id.* Attorney Hurley was "cautioned that further citing of cases without

17   informing the Court of contrary authority may result in the imposition of sanctions." *Id.*
     • In *Curtis v. Home Depot U.S.A., Inc.*, 2014 WL 1419369 (E.D. Cal. Apr. 11, 2014) Attorney Hurley

18   again falsely accused an ADA plaintiff of "attempting to 'shake down' Defendants" and was
     "admonished for citing authorities that were vacated and/or overruled, in support of this argument."

19   *Id.* at *5 n. 4.
     • *Sipe v. Am. Casino & Ent. Properties, LLC*, 16CV124, 2016 WL 1580349, at *2 (W.D. Pa. Apr. 20,

20   2016) ("Despite Attorney Hurley's past experience with the process this Court established through
     its case management of the *Jahoda* series of cases, Attorney Hurley in the *Sipe* case now takes what

21   amounts to a preemptive strike against Plaintiffs and Plaintiffs' law firm in their Brief in Support of
     Harbor Freight's Motion to Dismiss. Attorney Hurley suggests that Harbor Freight's decision to file

22   the California Lawsuit was done because Plaintiffs' Counsel failed to identify their client. However,
     by filing the California Lawsuit, **this Court notes that Defendants have only succeeded in: (1)**

23   **harassing Plaintiffs' counsel, and (2) possibly making the rights of the blind and visually**
     **impaired Plaintiffs more difficult to enforce**.") (emphasis added).

24   • *Suchenko v. ECCO USA, Inc.*, 18-CV-0562, 2018 WL 3933514, at *2 (W.D. Pa. Aug. 16, 2018)
     ("Importantly, given Attorney Hurley's familiarity with this Court's position in cases such as the

25   instant matter, both with respect to the First-Filed Rule and the Court's overall position on Motions
     to Dismiss these sort of matters, the Court finds that **there is ample evidence of bad faith**.")

26   (emphasis added).
     • *United States v. AMC Entertainment, Inc.*, 232 F. Supp. 2d 1092, 1105 n.14, 1116 n.21 (C.D. Cal.

27   Nov. 20, 2002) (reversed and remanded on other grounds in *U.S. v. AMC Ent., Inc.*, 549 F.3d 760
     (9th Cir. 2008)) (finding that Attorney Hurley "mischaracterize[d]" a consent decree, was

28   "intellectually dishonest and insulting to this Court", and noting "yet another example of a deliberate
     misrepresentation by AMC's counsel to this Court.")

───────────────────
10

this Court from Defendant's improper, unsupported removal. (*Id.* at 13:5-14). Such tactics should not be countenanced.

## III.    CONCLUSION

For the reasons set forth herein, Plaintiffs respectfully request that the Court remand this action to the Superior Court of California for the County of Riverside, award Plaintiffs attorneys' fees in the amount of $6,125, and grant such further and other relief as the Court deems appropriate.

Dated:  June 10, 2019                    PACIFIC TRIAL ATTORNEYS
                                         A Professional Corporation

                                         By: */s/ Scott J. Ferrell*
                                         Scott J. Ferrell
                                         Attorney for Plaintiff

**CERTIFICATE OF SERVICE**

I hereby certify that on June 10, 2019, I electronically filed the foregoing **NOTICE OF MOTION AND MOTION TO REMAND ACTION TO THE SUPERIOR COURT OF CALIFORNIA FOR THE COUNTY OF RIVERSIDE; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF** with the Clerk of the Court using the CM/ECF system which will send notification of such filing via electronic mail to all counsel of record.

*/s/ Scott J. Ferrell*
Scott J. Ferrell