PACIFIC TRIAL ATTORNEYS
A Professional Corporation
Scott J. Ferrell, Bar No. 202091
sferrell@pacifictrialatttorneys.com
4100 Newport Place Drive, Suite 800
Newport Beach, CA 92660
Telephone: (949)706-6464

Attorney for Plaintiffs

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ABELARDO MARTINEZ, JR., an individual, and ROY RIOS, an individual,<br><br>Plaintiffs,<br><br>v.<br><br>ADIDAS AMERICA, INC., an Oregon corporation; and DOES 1-10, inclusive,<br><br>Defendants. | Case No. 5:19-cv-00841-JGB-KK<br><br>**JOINT RULE 26(F) REPORT**<br><br>Complaint filed:  April 19, 2019<br>Removal Filed:   May 6, 2019 |

**PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 26(f) AND THE COURT'S SCHEDULING ORDER [DKT. NO. 10], THE PARTIES HEREBY SUBMIT THIS JOINT REPORT:**

a.   **Statement of Case:**

<u>Plaintiffs' Statement</u>: Defendant, which maintains places of public accommodation, offers a website as a privilege and service thereof, www.adidas.com/us/, which is integrated with Defendant's places of public accommodation and functions as the gateway to Defendant's stores. Defendant's website allows the user to browse products, product descriptions and prices, view sale items, find retail store locations, and perform a variety of other functions, but is denying equal access to blind and visually-impaired customers such as Plaintiffs. www.adidas.com/us/ contains access barriers that prevent free and full use by blind and visually-impaired persons using screen reading software. These barriers are pervasive and include, but are not limited to, the following: lack of alternative text, empty links, redundant alternative text, and missing form labels. The foregoing access barriers prevent Plaintiffs from full and equal access to the services and privileges offered by Defendant.

Based thereon, Plaintiffs have alleged a cause of action based on Defendant's violation of the Unruh Civil Rights Act, California Civil Code § 51 *et seq*.

<u>Defendant's Statement</u>:  Defendant denies Plaintiffs' allegations in their entirety, including that the ADA/Unruh Act apply to websites, that any "access barriers" on Defendant's website impedes access to any physical location, that Defendant's website contains any "access barriers," and that Plaintiffs are serial filers who lack standing to bring this action.

b.   **Subject Matter Jurisdiction:**

<u>Plaintiffs' Statement</u>:

Plaintiffs dispute that this court has subject matter jurisdiction for the reasons set forth in their motion for remand currently pending before the court and under submission. *See* Dkt. Nos. 11-14.

Defendant's Statement:  Defendant contends, for the reasons set forth in its removal papers and opposition to Plaintiffs' motion for remand, that the Court has subject matter jurisdiction over this claim because it presents a federal question.

**c.     Legal Issues:**

Plaintiffs' Statement:

The legal issues in this case stem from the question whether the inaccessibility of Defendant's website by Plaintiffs, blind individuals, violates the Unruh Civil Rights Act, California Civil Code § 51 *et seq*.  A determination of this issue will depend on several legal inquiries: (1) whether Defendant's website can be considered a place of public accommodation pursuant to 42 U.S.C. § 12182(a); (2) if not, whether there is a nexus between www.adidas.com/us/ and Defendant's store locations; (3) whether www.adidas.com/us/ is a service, facility, privilege, advantage, and/or accommodation of Defendant's store locations; (4) whether Defendant's website is a business establishment under the Unruh Act; and (5) whether Plaintiffs are entitled to damages and injunctive relief.

Defendant's Statement:

The legal issues in this case also involve whether (1) Plaintiffs have standing to bring this lawsuit, and (2) any whether any defenses raised by Defendant are applicable and/or absolve it from liability.

**d.     Parties, Evidence, etc.:**

The Parties include Plaintiffs Abelardo Martinez, Jr. and Roy Rios, and Defendant Adidas America, Inc.  The Parties do not expect any additional parties to be added at this time.

Expected witnesses include Plaintiffs, the person(s) most knowledgeable for Defendant regarding its design, maintenance, and accessibility of www.adidas.com/us/, and the Parties' respective experts.  Expected key documents/evidence include electronically stored data for the Parties related to Plaintiffs' use of www.adidas.com/us/ and Defendant's design, maintenance, and accessibility of www.adidas.com/us/.

e. **Damages:**

Plaintiffs' Statement:

Plaintiffs contend they are entitled to statutory damages pursuant to section 52(a) of the California Civil Code in the amount of $32,000 based on the instances they were unable to use www.adidas.com/us/ because of the accessibility barriers contained thereon, as well as for the instances they were deterred thereby.

Defendant's Statement:

Defendant is not making any claims for damages at this time. Defendant denies that Plaintiffs are entitled to any damages whatsoever.

f. **Insurance:**

The Parties are unaware of insurance coverage applicable to this action.

g. **Motions:**

The Parties do not expect motions seeking to add other parties or claims, file amended pleadings, or transfer venue. The Parties do expect, however, to file respective motions for summary judgment and/or adjudication.

h. **Manual for Complex Litigation:**

The Parties agree that the Manual for Complex Litigation need not be utilized.

i. **Status of Discovery:**

The Parties have not yet initiated discovery; however, should Plaintiffs' motion for remand be denied, the Parties agree to exchange initial disclosures within two weeks of such an order, and will initiate written discovery immediately.

j. **Discovery Plan:**

The Parties do not propose phased discovery or that discovery be otherwise limited. Should Plaintiffs' motion for remand be denied, the Parties agree to exchange initial disclosures within two weeks of such an order.

Plaintiffs' Proposals:

Plaintiffs intends to conduct discovery on the following topics via written discovery and deposition(s) of Defendant's person most knowledgeable pursuant to Rule

30(b)(6): 1. Defendant's operation of places of public accommodation; 2. Defendant's ownership of the website, www.adidas.com/us/; 3. Defendant's maintenance of www.adidas.com/us/; 4. The design of www.adidas.com/us/; 5. The accessibility of www.adidas.com/us/ by visually-impaired individuals; 6. Defendant's use of any guidelines or standards for accessibility of www.adidas.com/us/; 7. Training provided by Defendant on web design and accessibility for disabled users of www.adidas.com/us/; 8. Complaints about the www.adidas.com/us/'s accessibility by blind and visually impaired individuals; 9. Government investigations of the www.adidas.com/us/; and 10. All actions taken by Defendant, if any, to make www.adidas.com/us/ accessible to visually-impaired users.

Defendant's Proposals:

Defendant intends to propound written discovery and conduct the deposition of Plaintiffs and their designated experts, if any.

**k.   Discovery Cut-Off:**

The Parties propose a discovery cut-off two months prior to trial, or April 15, 2020.

**l.   Expert Discovery:**

The Parties propose that expert witness disclosures occur on February 14, 2020 and expert witness rebuttal disclosures on March 13, 2020.

**m.   Dispositive Motions:**

The Parties propose that any dispositive motions be heard two months prior to trial, or by May 18, 2020.

Plaintiffs' Statement:

Plaintiffs expect dispositive motions to be filed on the following issues: (1) whether Defendant's website can be considered a place of public accommodation pursuant to 42 U.S.C. § 12182(a); (2) if not, whether there is a sufficient nexus between www.adidas.com/us/ and Defendant's store locations; (3) whether www.adidas.com/us/ is a service, facility, privilege, advantage, and/or accommodation of Defendant's store locations; and (4) based thereon, whether Plaintiffs are entitled to damages.

Defendant's Statement:

Defendant intends to file a motion for summary judgment once it has completed the necessary discovery.

**n.     Settlement/Alternative Dispute Resolution (ADR):**

The Parties agree to the Court Mediation Panel. The Parties propose to have mediation via the Court Mediation Panel completed by May 15, 2020.

**o.     Time Estimate:**

The Parties have demanded a jury trial. The Parties estimate that trial should last three to five days and expect to call three to five witnesses each. The Parties propose a trial date of July 28, 2020, and a pretrial conference date of July 13, 2020.

**p.     Trial Counsel:**

Trial counsel for Plaintiffs shall be Scott J. Ferrell and David W. Reid of Pacific Trial Attorneys.

Trial counsel for Defendant shall be Gregory F. Hurley, Michael J. Chilleen, and Bradley J. Leimkuhler.

**q.     Independent Expert or Master:**

The Parties agree that an independent expert or master is not necessary.

**r.     Timetable:**

See attached Exhibit "A."

**s.     Other issues:**

The Parties are unaware of, and do not anticipate, any other issues at this time.

Dated: July 8, 2019                    PACIFIC TRIAL ATTORNEYS, APC

                                       By: /s/ Scott J. Ferrell
                                           Scott J. Ferrell
                                           Attorneys for Plaintiff

Dated: July 8, 2019                    SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

                                       By: /s/ Bradley Leimkuhler
                                           Bradley Leimkuhler
                                           Attorneys for Defendant

*I, Scott J. Ferrell, hereby certify that the content of this document is acceptable to all persons required to sign this document and that I obtained the authorizations necessary for the electronic signatures of all parties for this document.*

                                       /s/
                                       Scott J. Ferrell

JUDGE JESUS B. BERNAL

EXHIBIT A: SCHEDULE OF PRETRIAL AND TRIAL DATES WORKSHEET

| Case No. | 5:19-cv-00841-JGB-KK |
|---|---|
| Case Name | ABELARDO MARTINEZ, JR. v. ADIDAS AMERICA, INC., et al. |

| Matter | Plaintiff(s)' Request mo/day/year | Defendant(s)' Request mo/day/year | Court's Order |
|---|---|---|---|
| [X] Jury Trial or [ ] Court Trial **(Tuesday at 9:00 a.m.)** Length: <u>3-5</u> Days | 7/28/20 | 7/28/20 | |
| Final pretrial Conference [L.R. 16] and Hearing on Motions *In Limine* **(Monday – <u>two (2)</u> weeks before trial date)** | 7/13/20 | 7/13/20 | |
| Last Date to Conduct Settlement Conference | 5/15/20 | 5/15/20 | |
| Last Date to *Hear* Non-discovery Motions (Monday at 9:00 a.m.) | 5/18/20 | 5/18/20 | |
| All Discovery Cut-Off (including hearing all discovery motions) | 4/15/20 | 4/15/20 | |
| Expert Disclosure (Rebuttal) | 3/13/20 | 3/13/20 | |
| Expert Disclosure (Initial) | 2/14/20 | 2/14/20 | |
| Last Date to Amend Pleadings or Add Parties | 12/31/19 | 9/30/19 | |

ADR [L.R. 16-15] Settlement Choice:

    [ X ]   Attorney Settlement Officer Panel

-- 7 --
**JOINT RULE 26(F) REPORT**

1          [ ]    Private Mediation

2          [ ]    Magistrate Judge

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-- 8 --
**JOINT RULE 26(F) REPORT**

# CERTIFICATE OF SERVICE

I hereby certify that on July 8, 2019, I electronically filed the foregoing **JOINT RULE 26(f) REPORT** with the Clerk of the Court using the CM/ECF system which will send notification of such filing via electronic mail to all counsel of record.

          */s/ Scott J. Ferrell*
          Scott J. Ferrell