UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **EDCV 19-841 JGB (KKx)** | Date | July 9, 2019 |
|---|---|---|---|
| Title | ***Abelardo Martinez, Jr., et al. v. Adidas America, Inc.*** | | |

Present: The Honorable    JESUS G. BERNAL, UNITED STATES DISTRICT JUDGE

| MAYNOR GALVEZ | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:**   Order (1) GRANTING Plaintiffs' Motion to Remand (Dkt. No. 11); and (2) REMANDING this Action (IN CHAMBERS)

Before the Court is Plaintiffs Abelardo Martinez, Jr. and Roy Rios' ("Plaintiffs") Motion to Remand. ("Remand Motion," Dkt. No. 11.) The Court finds the Remand Motion appropriate for resolution without a hearing. See Fed. R. Civ. P. 78; L.R. 7-15. On July 3, 2019, the Court took the matter under submission. (Dkt. No. 15.) After considering all papers filed in support of and in opposition to the Remand Motion, the Court GRANTS the Remand Motion.

## I.   BACKGROUND

On April 19, 2019, Plaintiffs filed this action in the Superior Court of California, County of Riverside. ("Complaint," Dkt. No. 1-1.) Plaintiffs are blind individuals who require screen reading software to read website content and access the internet. (Id. ¶ 4.) Plaintiffs allege Defendant Adidas America, Inc.'s ("Defendant") website contains access barriers that deny Plaintiffs and other blind and visually-impaired individuals full and equal access to its products and services. (Id.) Plaintiffs allege one cause of action arising under the Unruh Civil Rights Act ("UCRA"), California Civil Code § 51 et seq. (Id. ¶¶ 22-25.) Plaintiffs seek injunctive relief and statutory damages under the UCRA. (Id. ¶¶ 27-28.)

On May 6, 2019, Defendant removed the action to this Court. ("Notice of Removal," Dkt. No. 1.) On May 22, 2019, Plaintiffs filed their Remand Motion. (See Remand Mot.) In support of their Remand Motion, Plaintiffs filed the following documents:

- Declaration of Scott J. Ferrell ("Ferrell Declaration," Dkt. No. 11-1);
- May 9, 2019 Email to Defense Counsel ("May 9 Email," Dkt. No. 11-2);
- Request for Judicial Notice ("RJN," Dkt. Nos. 11-3, 11-4, 11-5, 11-6, 11-7); and
- Proposed Order (Dkt. No. 11-8).

Defendant opposed the Remand Motion on June 3, 2019. ("Remand Opp'n," Dkt. No. 12.)[1] In support of its Remand Opposition, Defendant submitted the following documents:

- Declaration of Gregory F. Hurley ("Hurley Declaration," Dkt. No. 12-1);
    - May 8-9, 2019 Emails between Counsel ("Ex. A," Dkt. No. 12-2);
    - May 26, 2019 Email to Plaintiffs' Counsel ("Ex. B," Dkt. No. 12-3);
    - Martinez Trial Brief from Martinez v. San Diego County Credit Union, Superior Court of California for the County of San Diego, Case No. 37-2017-00024673-CU-CR-NC ("Ex. C," Dkt. No. 12-4);
    - Court Order from Martinez v. San Diego County Credit Union ("Ex. D," Dkt. No. 12-5);
    - Complaint in Thurston v. Toys "R" Us, Inc., Case No. 5:16-cv-02672-JAK (AGRx) ("Ex. E," Dkt. No. 12-6);
    - Complaint in Rios v. The Gymboree Corporation, Case No. 2:16-cv-09398-AB (AFMx) ("Ex. F," Dkt. No. 12-7);
    - Complaint in John Panarese and Roy Rios v. Skin Gym, Inc., United States District Court for the Eastern District of New York, Case No. 2:19-cv-3208 ("Ex. G," Dkt. No. 12-8);
    - Complaint against Plaintiffs' Counsel in Natural-Immunogenics Corp. v. Newport Trial Group, Case No. 8:15-cv-02034-JVS (JCGx) ("Ex. H," Dkt. No. 12-9); and
    - Order from Jackson v. Little Caesar Pizza, et al., Case No. 2:11-cv-03643 (C.D. Cal. 2011) ("Ex. I," Dkt. No. 12-10).

On June 10, 2019, Plaintiffs replied. ("Remand Reply," Dkt. No. 13) They also object to portions of Defendant's Remand Opposition and to much of Defendant's evidence. ("Objections," Dkt. No. 13-1.)[2]

---

[1] Defendant failed to submit a chambers copy of its Remand Opposition, as required by the Court's Standing Order and Local Rule 5-4.5. Defendant is advised to comply with the Local Rules and Standing Order.

[2] Plaintiffs' first five objections each concern arguments and court filings in other actions that Defendant argues establish that Plaintiffs and their counsel have filed many similar actions against other corporate defendants. (See Objections at 1-6.) The remaining objections address the specific filings and orders in another of Plaintiff Martinez's actions and a 2015 RICO action against Plaintiff's counsel. (See id. at 6-7.) The Court does not rely on these documents in determining whether it has subject matter jurisdiction over this action. Accordingly, Plaintiffs' Objections are OVERRULED as MOOT.

## II. REQUEST FOR JUDICIAL NOTICE

Plaintiffs request judicial notice of the following items:

- Judge Kronstadt's February 23, 2017 order in <u>Cheryl Thurston v. Toys R Us, Inc.</u>, Case No. 16-cv-02672-JAK-AGR (Dkt No. 14) ("RJN A");
- Judge Hatter's May 19, 2017 order in <u>Cheryl Thurston v. Omni Hotels Management</u>, Case No. 5:16-cv-02596-TJH-KK (Dkt No. 15) ("RJN B");
- Judge Selna's January 28, 2019 order in <u>Thurston v. Clearpath Lending</u>, Case No. 8:18-cv-02094-JVS-JDE (Dkt No. 20) ("RJN C"); and
- Complaint in the Superior Court of California, County of Orange, <u>Thurston v. Clearpath Lending</u>, Case No. 30-2018-01027579 ("RJN D").

A court may take judicial notice of an adjudicative fact not subject to "reasonable dispute," either because it is "generally known within the territorial jurisdiction of the trial court," or it is capable of accurate and ready determination by resort to sources whose "accuracy cannot reasonably be questioned." Fed. R. Evid. 201. Under Federal Rule of Evidence 201, "[a] court must take judicial notice if a party requests it . . . ." Fed. R. Evid. 201(c)(2). Here, it is unnecessary to take judicial notice of items from other courts because this Court can consider them without judicial notice.

Proceedings of other courts, including orders and filings, are the proper subject of judicial notice when directly related to the case. See <u>United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.</u>, 971 F.2d 244, 248 (9th Cir. 1992) (stating that courts "may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue.") Here, the opinions and state complaint in Plaintiffs' RJN are not directly related to this action. Accordingly, Plaintiffs' RJN is DENIED. The Court notes that it may still consider the decisions in RJN A, RJN B, and RJN C as nonbinding precedent. It may also refer to the allegations in the complaint at RJN D.

## III. LEGAL STANDARD

Federal courts have limited jurisdiction, "possessing only that power authorized by Constitution and statute." <u>Gunn v. Minton</u>, 568 U.S. 251, 256 (2013). As such, federal courts only have original jurisdiction over civil actions in which a federal question exists or in which complete diversity of citizenship between the parties exists and the amount in controversy exceeds $75,000. See 28 U.S.C. §§ 1331, 1332.

Moreover, the Ninth Circuit "strictly construe[s] the removal statute against removal jurisdiction," and "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." <u>Gaus v. Miles, Inc.</u>, 980 F.2d 564, 566 (9th Cir. 1992). "The strong presumption against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." <u>Jackson v. Specialized Loan Servicing, LLC</u>, 2014 WL

5514142, *6 (C.D. Cal. Oct. 31, 2014). The court must resolve doubts regarding removability in favor of remanding the case to state court. Id.

## IV. DISCUSSION

Plaintiffs move to remand because their sole cause of action arises under California law. (Remand Mot. at 2.) Plaintiffs note they did not include any federal causes of action, such as a cause of action based on Defendant's violations of the American with Disabilities Act of 1990 ("ADA"), 42 ¶ U.S.C. § 12101 et seq. (Id.) They contend Defendant violated California Civil Code § 51 et seq. based on its failure to provide equal access for people with visual disabilities to accommodations, advantages, facilities, privileges, and services of www.adidas.com. (Id.) Plaintiffs concede California Civil Code Section 51(f) provides that a violation of the right of any individual under the ADA also constitutes a violation of the UCRA. (Id.) However, Plaintiffs contend they do not allege an ADA cause of action and do not seek relief under the ADA. (Id.)

Defendant offered to stipulate to remand if Plaintiffs agreed they are not seeking or claiming relief under the ADA, which Plaintiffs refused. (Ex. B; Remand Opp'n at 1.) It argues the Remand Motion should be denied because Plaintiffs failed to meet and confer[3] before filing the Remand Motion as required by Local Rule 7-3. (Remand Opp'n at 5.) Defendant further argues Plaintiffs cannot evade federal jurisdiction by alleging a violation of the UCRA because the alleged UCRA violation is premised on a violation of the ADA. (Id. at 7.)

### A. Federal Question Jurisdiction

Defendant removed the action on the basis of federal question jurisdiction pursuant to 28 U.S.C. § 1331. (See Notice of Removal ¶ 3.) Federal question exists only if: (1) federal law creates the cause of action; (2) under the artful pleading doctrine, one or more state law claims should be re-characterized as federal claims; or (3) one or more of the state law claims necessarily turns on the construction of a substantial, disputed federal question. Rains v. Criterion Sys., Inc., 80 F.3d 339, 343 (9th Cir. 1996) (citing Merrell Dow Pharm. Inc. v. Thompson, 478 U.S. 804, 807-10 (1986)). The federal issue raised must not be collateral to a state law claim. Jackson v. Yoshinoya Am. Inc., 2013 WL 865596, at *2 (C.D. Cal. Mar. 7, 2013).

Here, the first and second circumstances described in Rains are absent. As to (1), Plaintiffs do not allege an ADA cause of action. (Complaint ¶¶ 21-25.) They seek relief pursuant to the UCRA and seek damages not available through the ADA. (Id. ¶¶ 27-28.) Thus, even though Plaintiffs reference a federal statute, their underlying cause of action is created by state law. See Rains, 80 F.3d at 343. References to the ADA "do not make [their] claim[] into [a] federal cause[] of action. Rather, the [C]omplaint merely incorporates [the federal statute] as one of several similar sources" supporting their claim that Defendant's operation of its website violates the UCRA. See id. at 344. As to (2), Plaintiffs' claim is authorized by state law and no

---

[3] The Court declines to deny the Remand Motion on this basis. In the future, Plaintiffs are admonished to comply with Local Rule 7-3.

essential federal law was omitted.  See Olguin v. Inspiration Consol. Copper Co., 740 F.2d 1468, 1472 (9th Cir. 1984) (a plaintiff cannot evade federal jurisdiction by "omitting from the complaint federal law essential to his claim, or by casting in state law terms a claim that can be made only under federal law.").[4]  Furthermore, Defendant does not assert a federal preemption issue, and the ADA does not preempt California state law claims regarding discrimination on the basis of disability.  Rios v. CWGS Enterprises, LLC, 2017 WL 3449052, at *4 (C.D. Cal. Aug. 11, 2017) (citing City of Los Angeles v. AECOM Servs., Inc., 854 F.3d 1149, 1155 (9th Cir. 2017)).

Thus, the Court addresses whether Plaintiffs' UCRA claim turns on a substantial federal question.  See Rains, 80 F.3d at 343.  The question of federal law must be a necessary element of the state claim.  Id. at 345.  "When a claim can be supported by alternative and independent theories—one of which is a state law theory and one of which is a federal law theory—federal question jurisdiction does not attach because federal law is not a necessary element of the claim."  Id. at 346.

Plaintiffs allege Defendant's conduct constitutes a violation of the ADA but not as an independent claim.  Here, Plaintiffs allege violations of the UCRA (1) under the California Civil Code Section 51 et seq., which guarantees specific rights to people with disabilities, and (2) under California Civil Code Section 51(f), which provides that a violation of an individual under the ADA also violates the Unruh Act.  (Complaint ¶¶ 22-25.)  The UCRA provides for liability independent of the ADA, and Plaintiffs' claim is not dependent on federal law.  See Rains, 80 F.3d at 345-46; see also Martinez v. Matrix Health Prod., Inc., 2019 WL 2242074, at *3 (C.D. Cal. May 24, 2019) (citing Jackson, 2013 WL 865596, at *2 (C.D. Cal. Mar. 7, 2013) ("Courts have consistently held that the fact that state law incorporates the ADA as an element of a state law cause of action does not confer federal jurisdiction to hear the state claim[].")).  Thus, an ADA violation is not a necessary element of Plaintiffs' UCRA claim because Plaintiffs' claim is not exclusively premised on an ADA violation.  (See Complaint ¶ 24.)  As addressed below in Part IV.A.1, Plaintiffs adequately allege intentional discrimination under the UCRA, which is not premised on an underlying ADA violation.  Accordingly, although the UCRA incorporates violations of the ADA, the Court finds it does not confer federal question jurisdiction over Plaintiffs' UCRA claim.

### 1. Plaintiffs Reasonably Plead Intentional Discrimination Under the UCRA

Defendant argues Plaintiffs' UCRA claim is based solely on ADA violations because Plaintiffs do not allege intentional discrimination.  (Remand Opp'n at 10.)  Thus, the action necessarily turns on federal law.  (Id.)  The Court disagrees.  Plaintiffs allege Defendant's intentional discrimination on the basis of a disability in violation of the UCRA.  (Complaint ¶ 24.)  Plaintiffs contend Defendant (1) constructed a website inaccessible to Plaintiffs; (2) knowingly

---

[4] Defendant notes that Plaintiffs reference the federal Web Content Accessibility Guidelines version 2.0.  (Remand Opp'n at 9-10.)  However, Defendant does not provide authority that violation of federal ADA guidelines is the only way in which a defendant may violate the UCRA based on its maintenance of a corporate webpage.

maintains the inaccessible website; and (3) fails adequately to correct these barriers despite receiving notice from Plaintiffs of the discrimination these barriers cause. (Id.) In Thurston v. ClearPath Lending, Inc., a court in this district noted that even though "the words 'intentional,' 'willful' and 'affirmative' [were] absent from [p]laintiff's complaint . . . [p]laintiff need not plead with heightened particularity as is required [for] certain causes of action . . . [I]t is sufficient to plead enough facts making the claim plausible." 2019 WL 366405, at *3 (C.D. Cal. Jan. 28, 2019) (emphasis in orginal). The Court agrees with the reasoning in Thurston. Here, Plaintiffs allege "it is Defendant's policy and practice to deny blind users, including Plaintiffs, equal enjoyment of and access to [the website]." (Complaint ¶ 16.) In addition to alleging that Defendant received notice of such barriers to access (Complaint ¶ 24), Plaintiffs further represent they sent Defendant a letter notifying it about the website's UCRA violation before they filed the Complaint (Remand Reply at 5). Defendant ignored the notice and failed to make changes to their website which would ensure accessibility. (Complaint ¶¶ 16, 24; Remand Reply at 5.) Thus, the Court finds Plaintiffs allege a theory of intentional discrimination. Plaintiffs allege sufficient facts to render this theory of UCRA violation plausible. Thus, this action is properly litigated in state court.

### 2. Wander v. Kaus Arguments

Plaintiffs contend the Ninth Circuit's decision in Wander v. Kaus, 304 F.3d 856 (9th Cir. 2002), supports remand. (See Remand Mot. at 1, 3-5.) But Defendant counters that this action is distinguishable and that Wander is inapplicable. (Remand Opp'n at 7.) Wander held "[f]ederal-question jurisdiction over a state-law claim is not created just because a violation of federal law is an element of the state law claim." Id. at 859. The Court agrees Wander is distinguishable. In Wander, the plaintiff asserted two claims: (1) a claim for injunctive relief under the ADA; and (2) a claim for damages under a California statute. Id. at 857. The ADA-based injunctive relief claim was dismissed as moot, leaving only the state law damages claim. Id. The court dismissed the case because damages are not available under the ADA. Id. Unlike in Wander, Plaintiffs allege only one cause of action for statutory damages and injunctive relief exclusively under the UCRA. (Complaint ¶¶ 22-25, 28; Remand Mot. at 2.) They simultaneously assert Defendant's conduct violates the ADA. (Complaint ¶ 25; Remand Mot. at 1.) Wander left open the question raised here, whether a claim seeking injunctive relief under a state law incorporating the ADA alleges a federal question. See Fontano v. Little Caesar Enters. Inc., 2010 WL 4607021, at *2 (C.D. Cal. Nov. 3, 2010). Other courts in this district have remanded cases with analogous claims. See, e.g., Rios v. Friendly Hills Bank, 2017 WL 3530348, at *4 (C.D. Cal. Aug. 16, 2017); Rios v. CWGS Enterprises, LLC, 2017 WL 3449052, at *3 (C.D. Cal. Aug. 11, 2017); Thurston v. Chino Commercial Bank, N.A., 2017 WL 3224681, at *4 (C.D. Cal. July 27, 2017).

The Court agrees with the other courts in this district and finds no federal jurisdiction exists because Plaintiffs adequately allege a non-ADA theory of UCRA violation. See supra Part IV.A.1. However, Defendant's removal attempt was not objectively unreasonable. As addressed above, Wander is not directly on point. Furthermore, Defendant cites authority for the proposition that federal jurisdiction may exist when seeking injunctive relief under a state law

incorporating the ADA. See Fontano, 2010 WL 4607021, at *2 (citing Pickern v. Best W. Timber Cove Lodge Marina Resort, 194 F. Supp. 2d 1128, 1132 n.5 (E.D. Cal. 2002). Accordingly, although the Court finds that remand is appropriate, Defendant's arguments are not objectively unreasonable.

## B. Plaintiffs' Request for Attorneys' Fees

Plaintiffs assert Defendant's removal was unreasonable and request attorneys' fees. (Remand Mot. at 9.) "An order remanding [a] case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). "[A]bsent unusual circumstances, attorney's fees should not be awarded when the removing party has an objectively reasonable basis for removal." Martin v. Franklin Capital Corp., 546 U.S. 132, 136 (2005). As discussed above in Part IV.A.2, Wander is not directly on point as to whether Plaintiffs' claim presents a federal question, and Plaintiffs offer no additional controlling authority. Therefore, the Court finds Defendant had an objectively reasonable basis for removing this action. (See 28 U.S.C. § 1447.) Plaintiffs' request for attorneys' fees is DENIED.

## V. CONCLUSION

For the reasons above, the Court GRANTS Plaintiffs' Remand Motion and DENIES Plaintiffs' request for attorneys' fees. The Court REMANDS this action to the California Superior Court for the County of Riverside. The Clerk is directed to close the case.

**IT IS SO ORDERED.**